

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/22/2014

| | | |
|---|---|---|
| IN RE: | § | |
| **DENNIS THOMAS BEACHAM** | § | **CASE NO: 14-31103** |
| Debtor(s) | § | |
| | § | **CHAPTER  13** |

### MEMORANDUM OPINION

Dennis Beacham's objection to Annahita Youssefi's proof of claim is overruled. (Case No. 14-31103, ECF No. 43).

### Background

Beacham and Youssefi were parties to a divorce and child custody proceeding in the 257th District Court of Harris County, Texas.  A final decree of divorce was issued by the state court on December 16, 2011. (ECF No. 52 at 1).  During the divorce proceeding, the state court held a six day jury trial to determine custody of Beacham and Youssefi's child. (ECF No. 46 at 3).  The jury found in favor of Youssefi, granting her the right to determine the residence of the child. (*Id.*).  In the divorce decree, the state court awarded Youssefi attorney's fees and expenses incurred during the custody case, stating:

> The Court finds that as of the completion of trial in this matter, Respondent, Annahita Youssefi, has an outstanding balance of $95,691.09 in fees and $3,812.09 in expenses due and owing to her attorneys of record…**which were necessary in this case and necessary for the protection and best interest of the child the subject of this suit.** IT IS ORDERED that good cause exists for Dennis Thomas Beacham to pay amount of $95,691.09 in fees and $3812.09 in expenses to Annahita Youssefi for such fees and expenses.

(*Id.* at 3–4) (emphasis added).  Beacham has not paid Youssefi any amount towards the attorney's fees awarded by the state court. (*Id.* at 2).  The six day trial on custody was followed

by a one day bench trial "for all other issues related to the parent-child relationship, as well submission of the parties with regards to the division of property…" (ECF No. 35-1 at 1).

On February 28, 2014, Beacham filed his Chapter 13 bankruptcy petition, listing Youssefi as an unsecured non-priority creditor with an amount due of $103,315.27 for reimbursement of attorneys' fees resulting from the divorce decree. (ECF No. 43 at 1). On May 27, 2014, Youssefi filed her current amended proof of claim for $110,543.94 as a priority claim under 11 U.S.C. § 507(a)(1)(A), based on a domestic support obligation defined under 11 U.S.C. § 101(14A). (ECF No. 46 at 4). On June 5, 2014, Beacham filed his current objection to Youssefi's proof of claim. (ECF No. 43).

On June 9, 2014, Youssefi filed a motion for summary judgment on the claim objection. (ECF No. 46). On July 1, 2014, Beacham filed a response to Youssefi's motion for summary judgment (ECF No. 52), and on July 11, 2014, Youssefi filed a reply to Beacham's response (ECF No. 55). Youssefi argues that the award of attorney's fees arising from the child custody proceeding is a domestic support obligation and not dischargeable under 11 U.S.C. § 523(a)(5). Beacham asserts that the debt is not a domestic support obligation and therefore dischargeable through his Chapter 13 bankruptcy proceeding. (ECF Nos. 43, 46, 52).

On July 21, 2014, this Court held a hearing between the two parties. At the hearing, the Court denied Youssefi's motion for summary judgment.

## Analysis

The issue in this case is whether the attorney's fees the Texas state court ordered Beacham to pay Youssefi as a result of the child custody trial and divorce decree constitutes a domestic support obligation under 11 U.S.C § 523(a)(5). Section 523(a)(5) provides that any

debt for a domestic support obligation is non-dischargeable. 11 U.S.C. § 523(a)(5). In relevant part, "domestic support obligation" is defined under § 101(14A):

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
>   (A) owed to or recoverable by—
>     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>     (ii) a governmental unit;
>
>   (B) in the nature of alimony, maintenance, or support…of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
>   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>     (ii) an order of a court of record; or
>     (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
>   (D) not assigned to a nongovernmental entity…

11 U.S.C. § 101(14A). It is undisputed that (A), (C), and (D) of Section 101(14A) have been satisfied. The only dispute is whether the attorney's fees from the child custody proceeding are "in the nature of alimony, maintenance, or support" under § 101(14A)(B). (ECF No. 52 at 3). The Court finds that the debt is in the nature of support. Accordingly, the debt is non-dischargeable.

A bankruptcy court applies federal law in determining whether a divorce decree creates a debt that is in the nature of alimony, maintenance, or support. *In re Gentry*, 2006 WL 6544156 (Bankr. N.D. Tex. June 12, 2006).

To determine whether the obligation is in the nature of "alimony, maintenance, or support," this Court is bound by the intent of the parties at the time the divorce decree, separation

agreement, or judgment was signed. *In re Nugent*, 484 B.R. 671, 679 (Bankr. S.D. Tex. 2012). Where the divorce decree is signed by a state court after a full trial on the merits and the decree's intent is clear, then that intent "should control the Court's characterization" of the obligation. However, if the intent is ambiguous, then the Court may consider extrinsic evidence, including a non-exclusive list factors, the so-called *Nunnally* factors. *In re Nugent*, 484 B.R. 671, 679 (Bankr. S.D. Tex. 2012) ("If the Judgment's intent is clear, then this should control the Court's characterization of the Obligations. If, however, the Judgment's intent is ambiguous, then this Court may consider extrinsic evidence, including a non-exclusive list of factors.").

The *Nunnally* factors include: (1) the parties' disparities in earning power at the time of the decree; (2) the parties' relative business opportunities at the time of the decree; (3) the parties' physical conditions at the time of the decree; (4) the parties' educational backgrounds; (5) the parties' expected future financial needs; and (6) the likely benefit to each party had the marriage continued. *In re Evert*, 342 F.3d 358, 368 (5th Cir. 2003) (citing *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975)).

These factors are generally applied in instances where it is unclear whether an obligation is intended to be a part of a property settlement agreement or in the nature of alimony, maintenance, or support. In *In re Evert*, the bankruptcy court applied the *Nunnally* factors in holding that a promissory note with regular monthly payments was properly characterized under the Code as "support." The Fifth Circuit reversed and held that bankruptcy court jumped too quickly to the extrinsic *Nunnally* factors. *In re Evert*, 342 F.3d 358, 368 (5th Cir. 2003) (holding that "there is no ambiguity necessitating the use of the *Nunnally* factors to essentially work backwards to determine the nature of the obligation. Because we conclude that that is the situation here, we reverse."). The Fifth Circuit held that the decree itself provided sufficient evidence that the parties intended to equalize the distribution of marital property through

monthly payments. (*Id*. at 368).  Accordingly, to characterize the debt, the bankruptcy court should have first considered the language of the decree. *See In re Nugent*, 484 B.R. 671, 680 (Bankr. S.D. Tex. 2012) (discussing *In re Evert*, 342 F.3d 358, 368 (5th Cir. 2003)).

The Court finds that it is unnecessary to consider the *Nunnally* factors, or any other extrinsic evidence in this case because (i) the divorce decree is unambiguous that the attorney fees awarded to Youssefi were incurred in connection to a child custody dispute; and (ii) the Fifth Circuit has held that attorney fees awarded in connection with a child custody dispute are in the nature of "support" and thus dischargeable.

### Divorce Decree is Unambiguously in the Nature of Support

At the hearing, this Court held the divorce decree was ambiguous as to whether the attorneys' fees awarded to Youssefi are in the nature of alimony, maintenance, or support. However, upon further review, the Court finds that the divorce decree is unambiguous.  It provides that the attorney's fees awarded were in connection to the child custody dispute. According to the Fifth Circuit, attorney fees awarded in connection with a child custody dispute are in the nature of support under the Code.  Accordingly, the debt constitutes a "domestic support obligation" under § 523(a)(5).

The Final Decree of Divorce states that the nature of the debt relates to the attorney's fees incurred by Youssefi during the six day custody trial: "The Court finds that as of the completion of trial in this matter, Respondent, Annahita Youssefi, has an outstanding balance of $95,691.09 in fees and $3,812.09 in expenses due and owing to her attorneys of record…**which were necessary in this case and necessary for the protection and best interest of the child the subject of this suit.**" (ECF No. 35-3 at 9).

Beacham argues that "the clearest indication that the Fee Award was not intended as a domestic support obligation is that in the section immediately after the Fee Award, the state court took great pains to characterize the fees owed to the Amicus Attorney as additional child support non-dischargeable in a bankruptcy proceeding and even specifically referenced 11 U.S.C. § 523(a)(5)." (ECF No. 52 at 5). However, this fact alone does not require this Court to consider extrinsic evidence in determining whether the debt is in the nature of support.

The Fifth Circuit has repeatedly held that a court ordered obligation to pay attorneys' fees charged by an attorney that represents a child's parent in a child custody dispute is non-dischargeable in a debtor's bankruptcy proceeding. *Rogers v. Morin (In re Rogers)*, 189 Fed. Appx. 299, 302 (5th Cir. 2006) (citing *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir. 1993) and *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 357 (5th Cir. 1997)).

In *In re Dvorak*, the Fifth Circuit affirmed the district court's and bankruptcy court's determination that court-ordered attorneys' fees incurred during a custody suit between debtor and debtor's ex-spouse are not dischargeable under § 523(a)(5). *In re Dvorak*, 986 F.2d 940, 940-41 (5th Cir. 1993). The Fifth Circuit reasoned that the custody hearing was clearly for the benefit and support of the child because it was to determine the best home for the child. Because the fees charged were incurred during that court hearing, the fees constituted a non-dischargeable debt under § 523(a)(5). *Id.*

In *Sonntag*, the Fifth Circuit affirmed the bankruptcy court's and district court's holding that attorneys' fees awarded in connection with a child custody dispute fall under the exception to dischargeability outlined in 11 U.S.C. § 523(a)(5). *In re Sonntag*, 115 F. App'x 680, 682 (5th Cir. 2004) (internal citations omitted) ("Attorney fees awarded in connection with a child

custody dispute are for the benefit of the parties' children, as the purpose of such a proceeding is to determine who can provide the best home and environment for the children at issue. Thus, such debts fall under the exception to dischargeability outlined in 11 U.S.C. § 523(a)(5).").

Finally, in *Rogers*, the Fifth Circuit affirmed a summary judgment in favor of a non-debtor spouse holding that the attorney's fees incurred during child custody litigation were non-dischargeable under § 523(a)(5). *Rogers v. Morin*, 189 F. App'x 299, 300 (5th Cir. 2006). The Fifth Circuit reasoned that the attorneys' fees incurred "inure to [the child's] benefit and support, and therefore fall under the exception to dischargeability set out in § 523(a)(5). *Id.* (quoting *Hudson*, 107 F.3d at 357).

Beacham cites to *In re White* and *Nugent v. Ehler-Nugent* to support his argument that this Court should consider the *Nunnally* factors in determining whether the debt is in the nature of support. In those cases, the Court applies the *Nunnally* factors to determine whether the debt arose as part of a property settlement or if it is in the nature of alimony or maintenance. In *White* and *Nugent*, the court was asked to determine whether a lump sum payment from one ex-spouse to another should be considered alimony support and therefore non-dischargeable. *See In re White*, 408 B.R. 677 (Bankr. S.D. Tex. 2009); *Nugent v. Ehler-Nugent*, 484 B.R. 671 (Bankr. S.D. Tex. 2012). In this case, Beacham does not even assert that the obligation arose out of a property settlement agreement. Moreover, those cases don't involve awarding attorney fees incurred during child custody disputes. Beacham has failed to cite to any case where a court applies the *Nunnally* factors in determining whether attorney fees awarded to a debtor's former spouse incurred during a child custody dispute are in the nature of support.

## BAPCPA Amendments

Beacham argues that the Fifth Circuit decisions are no longer valid after the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was passed. (ECF No. 52 at 9). The definition of "domestic support obligation" was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *See In re Gentry*, 2006 Bankr. LEXIS 4556 at *3 (Bankr. N.D. Tex., Jun. 9, 2006).

However, this argument is misplaced because BAPCPA did nothing to change the determination of whether a debt is in the nature of support. *See In re Phegley*, 443 B.R. 154, 157 (B.A.P. 8th Cir. 2011) ("BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support.").

Indeed, post-BAPCPA cases from this circuit have continued to hold that attorneys' fees from child custody proceedings are non-dischargeable under § 523(a)(5). *See Hutton v. Ferguson (In re Hutton)*, 463 B.R. 819 (Bankr. W.D. Tex. 2011) (holding that the purpose of the child custody proceeding was to provide for the benefit and support of the child, so attorneys' fees awarded to ex-spouse creditor was not dischargeable).

Beacham relies on *In re Densmore* to support his argument that BAPCPA overruled the above cited Fifth Circuit cases. *In re Densmore*, 2009 Bankr. LEXIS 3416 at 4–7 (Bankr. N.D. Tex. Oct. 28, 2009). In *In re Densmore*, a bankruptcy court addressed whether attorneys' fees owed directly to an attorney or an attorney who had been appointed guardian ad litem were non-dischargeable in a debtor's bankruptcy. *Id.* The *Densmore* court examined the new payee limitations in §101(14A)(A) and noted that the ad litem claimant was neither the debtor's "spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative," nor was she "a governmental unit." Based on this finding, the court ruled

that the claim did not represent a domestic support obligation. Accordingly, Beacham's reliance on this case is misplaced.

The attorney's fees Beacham has been ordered to pay Youssefi stem from the child custody trial held during the parties' divorce proceeding. In this case, (i) the debt is owed to the debtor's former spouse, (ii) the debt relates to the attorney's fees incurred by Youssefi during the six day custody trial, and that (iii) the incurrence of these fees was "necessary for the protection and best interest of the child the subject of this suit." (ECF No. 35-3 at 9).

As in *Dvorak*, *Sonntag*, and *Rogers*, the debtor's former spouse was awarded attorneys' fees that were incurred during a child custody dispute. In all three of those cases, the Fifth Circuit held that the obligation was non-dischargeable under § 523(a)(5) because the ultimate purpose of the child custody proceeding was to provide support for the child. Accordingly, the attorney's fees Beacham owes Youssefi are in the nature of support and are non-dischargeable under § 523(a)(5).

## Conclusion

The Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **October 22, 2014.**

                                             Marvin Isgur
                                UNITED STATES BANKRUPTCY JUDGE